A. B. CARUTHERS v. W. C. CHERRY ET AL.

(No. 6548.)

APPEAL from Hill County. Opinion by WILLSON, J.

J. G. ABNEY, counsel for appellant.

No counsel appeared for appellees.

§ 118. *Failure of consideration; burden of proof of; charge of court.* Suit by appellant against appellees upon two promissory notes, each for the sum of $166.04. Appellees pleaded failure of consideration; that said notes were given for cotton seed sold them by appellant; that appellant fraudulently and falsely represented that said cotton seed was of a superior kind, etc. Appellees also pleaded in reconvention for damages alleged to have been sustained by reason of the premises. Judgment for appellees upon their plea of failure of consideration, and upon their plea in reconvention for $124.30. We think that the charge of the court is erroneous, in that it does not inform the jury that the burden of proof was upon appellees to establish their plea of failure of consideration. A jury might conclude from the charge as given that it devolved upon appellant to prove that the consideration of the notes had not failed. Appellant requested a special instruction which would have corrected the charge in this respect, and the court erred in refusing to give it. We are of the opinion that the court should have instructed the jury that, to sustain appellees' plea of failure of consideration, it devolved upon appellees to show by evidence (1) that the representations, in whole or in part, made by appellant to appellees in regard to the cotton seed were false; (2) that the false representation was as to a material matter; (3) that the same was relied upon by appellees, and influenced them to purchase the cotton seed. These propositions are not clearly

presented in the charge given to the jury, but were called to the attention of the court in a special charge requested by appellant, and refused by the court, but which special charge was properly refused, perhaps because not precisely correct. It was nevertheless sufficient to call the attention of the court to the insufficiency of the main charge.

May 28, 1890.           Reversed and remanded.